[Cite as *State v. Scott*, 2022-Ohio-1486.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109689 |
| v. | : | |
| PHILLIP SCOTT, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647488-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Lindsay Patton, Assistant Prosecuting Attorney, *for appellee.*

James J. Hofelich, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Phillip Scott ("Scott"), appeals his sentence and claims the following errors:

1. The trial court's sentence of twelve and one-half years is contrary to law.

2. As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second-degree qualifying felonies violates the constitutions of the United States and the state of Ohio.

{¶ 2} After reviewing the record and applicable law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Scott pleaded no contest to two counts of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2) (Counts 1 and 2), one count of receiving stolen property in violation of R.C. 2913.51(A) (Count 3), and one count of falsification in violation of R.C. 2921.13(A)(3) (Count 4). The two counts of felonious assault included one- and three-year firearm specifications. The trial court found Scott guilty of all counts and, after merging the two counts of felonious assault, sentenced him to 8 to 12 years on the merged felonious assault charge alleged in Count 2, 18 months on the receiving stolen property charge alleged in Count 3, and six months in the county jail on the falsification charge alleged in Count 4.

{¶ 4} The trial court ordered the indefinite 8-to 12-year sentence on Count 2 to be served consecutive to the 18-month sentence on Count 3 for an aggregate minimum sentence of 9.5 years and an aggregate maximum sentence of 13.5 years on these base charges. The six-month jail sentence on Count 4 was ordered to be served concurrently with the sentences on Counts 2 and 3. The court ordered the sentences on the base charges to be served consecutive to the three-year sentence

on the attendant firearm specifications for an aggregate indefinite sentence of 12.5 to 16.5 years. Scott now appeals his sentence.

## II. Law and Analysis

### A. Consecutive Sentences

{¶ 5} In the first assignment of error, Scott argues his consecutive sentences are contrary to law because they were not supported by the record.

{¶ 6} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, an appellate court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 7} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 9} Scott does not dispute that the trial court made all the necessary findings; he contends the court's findings are not supported by the record. Where the trial court made the requisite consecutive-sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless

we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 11. This is a deferential standard of review. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 10} In accordance with R.C. 2929.14(C)(4), the court found (1) that the harm to the victim was so great and unusual that a single sentence would not adequately reflect the seriousness of the offenses, (2) that consecutive sentences were necessary to protect the public and to punish Scott, and (3) that consecutive sentences were not disproportionate to the seriousness of Scott's conduct. (Tr. 48.)

{¶ 11} Scott does not dispute the fact that the trial court made the necessary finding for the imposition of consecutive sentences. Scott argues instead that consecutive sentences are not supported by the record because he took responsibility for his actions by pleading no contest even though the state did not offer any reduction in the charges; he told police where to find the shell casing from the bullet he fired at the victim, after initially misleading them; he apologized to the victim's family; and this was the first time he was sentenced for a felony offense. Scott contends the court ignored these facts. Scott ignores the abhorrent nature of his conduct.

{¶ 12} The victim, a 20-year-old autistic man, asked Scott if he could buy five dollars worth of marijuana. Scott took the victim's money, told the victim to "get lost," and then shot the victim in the back as the victim was walking away. (Tr. 31.) The victim was shot in the spine, was immediately incapacitated, and fell in the road.

When police arrived on the scene, Scott pretended to be a good Samaritan and gave police a fake description of the alleged perpetrator. (Tr. 31.) Police noticed that Scott's girlfriend was behaving strangely and patted her down for officer safety. During the pat down, police discovered the defaced 9 mm handgun Scott used to shoot the victim in his girlfriend's boot. (Tr. 31.)

{¶ 13} Police gave Scott *Miranda* warnings, and Scott confessed to shooting the victim. Thereafter, he showed police where they could find the 9 mm shell casing he had hidden prior to their arrival. (Tr. 31-32.) While Scott was incarcerated during the pendency of the case, he made recorded phone calls during which he stated that "he tried to smoke the victim, but couldn't quite get the job done." (Tr. 33.) In another call, he admitted that "he was trying to kill the victim that day, but didn't finish the job." (Tr. 33.)

{¶ 14} At the sentencing hearing, the victim's mother informed the court that as a result of the shooting, the victim will have to take medication for the rest of his life. (Tr. 42-43.) The victim underwent several surgeries, including the partial removal of his stomach, and experienced "excruciating pain." (Tr. 43.) He had completed 11 months of a 12-month program to become a licensed barber, but now he is unable to take care of himself, and he is afraid to leave home. (Tr. 44.)

{¶ 15} Moreover, Scott contradicted the statement he gave to police during the presentence investigation by claiming the victim entered his home and that he was afraid. (Tr. 39-40.) Scott told the court at sentencing that "I was just afraid what might have happened to me at the time." (Tr. 39.) However, as the victim's

mother observed, Scott shot the victim in the back and "you cannot be afraid of him if he's going in an opposite direction. So to shoot him in his back you are not in fear." (Tr. 42.) Thus, Scott's claim that he "accepted responsibility for his actions" was not sincere. Under these circumstances, we find that consecutive sentences are supported by the record.

{¶ 16} The first assignment of error is overruled.

## B. Reagan Tokes

{¶ 17} In the second assignment of error, Scott argues his indefinite sentence under the Reagan Tokes Act is unconstitutional. He contends the Reagan Tokes Act violates his Sixth Amendment right to a jury trial, the separation-of-powers doctrine, and due process of law.

{¶ 18} In accordance with this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the constitutional challenges presented in this appeal are overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURS (WITH SEPARATE OPINION)


N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.


SEAN C. GALLAGHER, A.J., CONCURRING:

{¶ 20} I fully concur with the majority, but write separately to express my growing concern with the accuracy of sentencing entries from jurisdictions around the state. Although the majority accurately recites the sentence imposed, the underlying entry at best can best be described as confusing, forcing an interpretation of a sentence that was not timely challenged:

> The court imposes a prison term of 3 year(s) on the specifications to be served prior to and consecutive with a minimum prison term of 6 year(s), 6 month(s) and a maximum prison term of 10 year(s), 6 month(s) on the underlying offense(s). The total stated prison term is 9 years and 6 months to 13 years and 6 months at the Lorain Correctional Institution.
>
> Count(s) 1 merge into Count 2. State elects to proceed as to Count 2, F2: 8 year(s), 1 and 3 year frm spec merge, 3 year to be served prior to and consecutive to underlying offense, 3 years mandatory post release control.
>
> Count 3: F4, 18 month(s), up to 3 years discretionary post release control.

Count 4: Ml, 6 month(s).

Count 1 and 2 are allied offenses – No conviction in Count 1.

Counts 2 and 3 to run consecutive to each other, Count 4 to run concurrent to Counts 2 and 3.

{¶ 21} There are several errors in this journal entry. First, the journal indicates a 6.5-year, stated minimum term was imposed, but it does not indicate what count that sentence relates to, and even more problematic, there is no indication the trial court judge imposed any such sentence on the offender.

{¶ 22} Likewise, there is no clarity as to how or where the 10.5-year maximum prison term was calculated or even if a 10.5-year maximum term was possible.

{¶ 23} In addition, Count 2 is a qualifying felony offense under R.C. 2929.144(A), meaning the court was required to impose a stated minimum term under R.C. 2929.14(A)(2)(a). Instead, the journal entry simply indicates that the underlying sentence imposed on Count 2 is "8 years." That may well be the way that term will be served under the auspices of the ODRC, but it is not how it should be stated when imposed. Qualified felonies should be distinct from non-qualifying definite terms.

{¶ 24} Despite the inartful summary of the individual sentences, the result of imposing the 3-year term for the firearm specification prior to and consecutive to the 9.5 to 13.5 indefinite non-life term, is correct. Under R.C. 2929.144(B)(2), the maximum term is calculated by adding all minimum terms on qualifying felony

offenses and all definite terms imposed that are consecutively imposed, to 50 percent of the longest sentence imposed for the most serious felony offense.

{¶ 25} In this case, the maximum term on the indefinite non-life second-degree felony offense, as correctly noted by the majority and ultimately arrived at in the sentencing entry, is 13.5 years (8 + 1.5 + 4) (under R.C. 2929.144(B)(2)). Again, the sentence imposed on the firearm specification is not included in the non-life indefinite term.

{¶ 26} The intent here is to add clarity to a nebulous area. All too often, appellate courts — and inevitably the Ohio Department of Rehabilitation and Correction, which must enforce the sentences — are facing situations in which the sentencing entries do not reflect what was actually imposed or are not in compliance with statutory requirements. Sentencing entries should be clear and not have to be interpreted.

{¶ 27} Many of the errors arise from a trial court's attempt to provide a total "global" sentence in each case, something not required by the statute or Supreme Court case interpretation. In other words, no "global" sentencing advisement is required. Judges must only advise and impose the maximum for each individual term and state how those terms are to be served (whether concurrent or consecutive). The reference in R.C. 2929.144(B)(2) to the maximum term relates to the individual terms imposed in any given file. Absent clear legislative change or a new interpretation by the Supreme Court, we still sentence by individual counts in Ohio and not by a package. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245,

846 N.E.2d 824; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163; *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988).

{¶ 28} Further, courts are using colloquial references that are at times at odds with statutory language. For example, R.C. 2929.14(A)(1)(a) and (A)(2)(a) speak in terms of the "stated minimum term" for the non-life indefinite sentence, potentially causing confusion with the trial court's use of "stated prison term" to include the aggregate of the sentences imposed on Counts 2 and 3, but excluding the mandatory firearm specification. "Aggregate term," is used only in the context of consecutive sentences; it is limited to describing the aggregate of the consecutive terms imposed. R.C. 2929.41(B)(3). "Stated prison term," on the other hand, means the combination of all prison terms imposed, including any credit for time spent in jail. R.C. 2929.01(FF)(1). Thus, the legislature distinguishes between the stated minimum prison terms, the aggregate term of imprisonment, and the overall stated prison term.

{¶ 29} In this case, that aggregate minimum term is 9.5 years, from the 8-year minimum term imposed on Count 2 being imposed consecutive to the 1.5-year term on Count 3, but that 9.5-year term is not the "stated prison term" as statutorily defined because it omits the credit for time served and the mandatory sentence for the firearm specification. Courts, including appellate courts, need to change the way in which sentences are described, keeping closer to the statutory language whenever possible.

{¶ 30} The simplistic solution is to draft the sentencing entry according to the express dictates of the relevant statutory scheme and adhere to the statutory language therein, and for the parties to timely review the sentencing entry for compliance with Ohio law.

{¶ 31} In this case, the sentence imposed could be provided as follows (less the illustrative parentheticals):

> Count 2, surviving the merger of Count 1 and Count 2 — a three-year term on the firearm specification (under R.C. 2929.14(B)(1)(a)) to be served prior and consecutive to all other sentences imposed and the minimum stated term of 8 years (under R.C. 2929.14(A)(2)(a)) and maximum term of 13.5 years (under R.C. 2929.144(B)(2));
>
> Count 3 — 18 months to be served consecutive to the sentence imposed on Count 2 (and thus included within the maximum term calculation under R.C. 2929.144(B)(2));
>
> Count 4 — 6 months, to be served concurrent to all sentences (and therefore excluded from the maximum term calculation under R.C. 2929.144(B)(2)).
>
> There is a mandatory three-year term of postrelease control.
>
> (If a summary is desired) In summary of the imposed sentences: the defendant shall serve the three-year term on the firearm specification (all the sentences imposed for those sentences should be aggregated here since they are consecutive by operation of law) prior and consecutive to the aggregate minimum term of 9.5 years (here all minimum and definite terms to be consecutively served can be aggregated into one aggregate minimum term), up to the maximum term under S.B. 201 of 13.5 years (and any indefinite life term imposed if relevant can be added here since the indefinite non-life felony sentences would be served before the indefinite life terms under Ohio Administrative Code 5120-2-03.1(M)).

{¶ 32} The reason for the above is that all counts to which the defendant pleaded or was found guilty must include the underlying sentence and any attendant

sentence on the surviving specification imposed under R.C. 2929.14(B), and any sentence arising from the specification must be imposed consecutive to the underlying offense and any other sentence. The entry should explain which counts are to be consecutively served, even if the consecutive nature of the sentence arises by law, and for clarity should indicate which sentences are to be served concurrently since those impact the maximum term calculation under R.C. 2929.144(B). The goal is to clearly articulate the intended sentence in a manner that avoids the need to interpret the sentence and to use the language of the statutory sentencing scheme instead of colloquially understood phrases that potentially conflict with statutory language.

{¶ 33} If the court is set on giving a global advisement, it should simply indicate the maximum amount of time possible. In this instance, the maximum possible sentence would be 16.5 years in practical terms explains the effect of the sentence imposed to the offender. Although explaining the sentence to the defendant in simplistic terms has its place, the recitation of the sentence in the sentencing entry should be more formal, adhering to statutory nomenclature.

{¶ 34} Regardless, in light of the arguments raised, I fully concur with the majority.