[Cite as *State v. Neal*, 2023-Ohio-4414.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 112347

    v.                                    :

CHRISTOPHER NEAL,                       :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** December 7, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653274-A, CR-21-655903-A, and CR-22-669330-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick J. Lavelle and Kevin R. Filiatraut, Assistant Prosecuting Attorneys, *for appellee.*

Joseph V. Pagano, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Christopher Neal appeals the sentences imposed by the trial court in Cuyahoga C.P. Nos. CR-20-653274, CR-21-655903, and

CR-22-669330.  Upon review, we affirm but remand for the limited purpose of issuing a nunc pro tunc sentencing entry in CR-21-655903.

{¶ 2} Appellant entered guilty pleas to certain charges in the underlying cases on November 21, 2022, and the trial court held a sentencing hearing on January 11, 2023.

{¶ 3} In CR-21-655903, appellant was charged under a six-count indictment.  The charges arose from an incident that occurred on or about August 30, 2020, while appellant was in the county jail.  Appellant, who had smuggled drugs into the jail by concealing them in his rectum, provided fentanyl to his cellmate, who then died of an overdose.  The victim was last seen alive prior to 5:55 p.m., and appellant did not call for help until 3:30 a.m., at which point the victim's body was cold.  Appellant ultimately pleaded guilty to Count 1 for involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A), and to Count 4 for illegal conveyance into a detention facility, a felony of the third degree in violation of R.C. 2921.36(A)(2).  The remaining counts were nolled.  The victim's mother spoke at the sentencing hearing.  The trial court imposed an indefinite sentence of 10 to 15 years on Count 1, and a sentence of 36 months on Count 4.  The terms were run concurrent to each other and concurrent to a federal case, but consecutive to the sentence imposed in CR-21-653274.  Because the sentencing entry does not correctly reflect the indefinite term of 10 to 15 years that was imposed on Count 1, we remand this case to the trial court for the issuance of a nunc pro tunc sentencing entry.

{¶ 4} In CR-20-653274, appellant was charged with drug-related offenses under seven counts of the indictment. The charges arose from an incident that occurred on or about September 18, 2020, which was after appellant had been released from county jail and while the police were investigating the overdose incident. Appellant ultimately pleaded guilty to Count 2, drug possession involving a fentanyl-related compound, a felony of the first degree in violation of R.C. 2925.11(A), with a specification for forfeiture of money in a drug case. The remaining counts were nolled. The trial court ordered appellant to forfeit $2,289 and imposed an indefinite sentence of 10 to 15 years, which was run consecutive to the sentence imposed in CR-21-655903, and concurrent to appellant's federal case, which pertained to a separate drug-related investigation. The trial court also imposed a mandatory fine of $10,000.

{¶ 5} In CR-22-669330, appellant pleaded guilty to an amended charge of attempted assault of a corrections officer, a misdemeanor of the first degree in violation of R.C. 2903.02 and 2903.13(A). The charge arose from an incident that occurred on or about January 20, 2022, while appellant was in a local correctional facility. The trial court sentenced appellant to time served.

{¶ 6} Appellant timely filed this appeal.

{¶ 7} Under his first assignment of error, appellant challenges the trial court's imposition of consecutive sentences. Appellant argues that the trial court failed to make all the required statutory findings under R.C. 2929.14(C)(4) and that the record clearly and convincingly does not support the imposition of consecutive

sentences. Pursuant to R.C. 2953.08(G)(2)(a), in reviewing consecutive sentences, the appellate court must "review the record, including the findings underlying the sentence" and "may take any action authorized by this division if it clearly and convincingly finds" that "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code."[1]

{¶ 8} Pursuant to R.C. 2929.14(C)(4), to impose consecutive sentences, a trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court also must make at least one of the findings set forth under R.C. 2929.14(C)(4)(a)-(c). "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing" and "incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. A trial court is not required to recite verbatim the statutory language; however, we must be able to

---

[1] We note that the Supreme Court of Ohio recently decided *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 ("*Gwynne V*"), upon reconsideration, and vacated its decision in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607 ("*Gwynne IV*"). Therefore, we follow the pre-*Gwynne IV* deferential standard of review applied to appellate review of consecutive-sentence findings. *See State v. Scott*, 8th Dist. Cuyahoga No. 109689, 2022-Ohio-1486, ¶ 9 (recognizing the deferential nature of the appellate standard of review for consecutive-sentence findings), citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 4452, ¶ 21 (8th Dist.). We are cognizant that the majority and separate concurring opinion in *State v. Hayes*, 8th Dist. Cuyahoga No. 111927, 2023-Ohio-4119, recently applied the *Gwynne IV* de novo standard of review to consecutive-sentence findings despite *Gwynne IV* having been vacated.

glean from the record that all of the findings required by R.C. 2929.14(C) were made by the trial court. *Bonnell* at ¶ 36-37.

{¶ 9} In this matter, appellant asserts that the trial court did not find that consecutive sentences are not disproportionate to "the danger the offender poses to the public" and that its findings were otherwise incomplete. Our review reflects otherwise.

{¶ 10} At the sentencing hearing, the trial court made the required statutory findings. The trial court found "[c]onsecutive sentences on this case is necessary to protect others from future crime" and noted that "[appellant] knew the Fentanyl was a deadly drug, and he gave it to his inmate, and then he also did not call for help for what looks to be about 10 years." The trial court also found that "I don't believe this is disproportionate to the seriousness of the offender's conduct" and noted that "he caused a death." Though the trial court did not state word for word that it did not find consecutive sentences disproportionate to the danger the offender poses to the public, the trial court had stated that consecutive sentences were "not disproportionate to the crimes that you have committed." The trial court referenced "the Fentanyl being taken into the jail, which caused the death of [the victim]" and had discussed how appellant kept selling fentanyl despite knowing people were dying from the drug and how appellant had fentanyl even after the victim's death. The trial court further found that the offense was committed while appellant was under sanction and that appellant "was incarcerated at the time he committed the death." Also, the trial court found that "the harm caused by both the Fentanyl,

Count 2, in [CR-20-653274], as well as in [CR-21-655903] involuntary manslaughter were so great, no single prison term would adequately reflect the seriousness of this conduct." Finally, when the trial court imposed the consecutive 10- to 15-year prison terms, the trial court considered the aggregate term of incarceration that would result in a total minimum term of 20 years, plus 10 "for the institution to decide if you serve any part of the Reagan Tokes sentence."

{¶ 11} Upon our review, we can discern from the record that the trial court engaged in the proper analysis and made all the consecutive-sentence findings required by R.C. 2929.14(C)(4) at the sentencing hearing. Also, the trial court incorporated its statutory findings into the sentencing entry in CR-21-655903, including its finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court's deviation from the statutory language at the sentencing hearing was not so egregious so as to render the sentence clearly and convincingly contrary to law. *See State v. McAllister*, 5th Dist. Licking No. 2019 CA 00118, 2020-Ohio-4492, ¶ 37-38 (considering similar language); *see also State v. Ray*, 8th Dist. Cuyahoga No. 107450, 2019-Ohio-1346, ¶ 37.

{¶ 12} Additionally, upon our review of the record, we do not clearly and convincingly find that the record does not support the trial court's findings. Nevertheless, appellant challenges the trial court's consideration of the sentencing factors under R.C. 2929.12(C)(4). However, the trial court stated in its sentencing entries that it had "considered all required factors of the law" and appellant has not

affirmatively demonstrated otherwise. This alone is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *See State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14. Furthermore, the record reflects that the trial court was informed of mitigating factors, had considered the presentence-investigation report ("PSI report"), and rejected the defense counsel's argument for concurrent sentences. Contrary to appellant's argument, it is not for an appellate court to review whether the record clearly and convincingly supports the sentencing factors and considerations under R.C. 2929.11 and 2929.12, and "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31 and 42.

{¶ 13} Appellant's first assignment of error is overruled.

{¶ 14} Under the second assignment of error, appellant claims the trial court erred in imposing a mandatory fine of $10,000 because the record establishes that he was indigent and the trial court had discretion to waive the fine. The mandatory fine was imposed in CR-20-653274 upon appellant's first-degree felony conviction for drug possession in violation of R.C. 2925.11(A).

{¶ 15} A trial court's decision with respect to the imposition of a mandatory fine where the offender has an affidavit alleging indigency is reviewed under an abuse of discretion standard. *See State v. Gipson*, 80 Ohio St.3d 626, 635, 687

N.E.2d 750 (1998). R.C. 2929.18(B)(1) states, in pertinent part, "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." The burden is on the offender to affirmatively demonstrate indigency and an inability to pay the mandatory fine. *Gipson* at 635. The filing of the requisite affidavit does not automatically entitle a defendant to a waiver of a mandatory fine, nor does indigency alone. *Id*. at 634. In *Gipson*, the Supreme Court of Ohio expressed that it did not believe the General Assembly intended "to preclude a trial court from imposing fines on able-bodied defendants who are fully capable of work but who happen to be indigent and unemployed at the moment of sentencing." *Id*. at 636.

{¶ 16} Our review of the record demonstrates that the trial court was aware appellant filed an affidavit of indigency and that the trial court had reviewed the presentence-investigation report. The PSI report reflects that the appellant was 33 years old at the time and did not have any significant physical health problems. He reported doing seasonal work and odd jobs and stated he had been working for a landscaping company since 2014 and earning $480 weekly. In denying defense counsel's request to waive the fine, the trial court stated, "[H]e'll have enough time in prison to pay [the fine] through [prison] work" and indicated that "if they do not accept prison employment, [appellant could] file another motion." The trial court

further stated "I think you can work it off, especially since he said he wants to learn a trade for coming out. That would be a good thing to do."

{¶ 17} Upon the record before us, we find the trial court did not abuse its discretion in imposing the mandatory fine. The second assignment of error is overruled.

{¶ 18} Under the third assignment of error, appellant raises constitutional challenges to the Reagan Tokes Law and the trial court's imposition of an indefinite sentence. We summarily overrule this assignment of error on the authority of *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535.

{¶ 19} Judgment affirmed. Case remanded to the trial court solely to issue a nunc pro tunc sentencing entry in Cuyahoga C.P. No. CR-21-655903 to correctly reflect the indefinite term of 10 to 15 years that was imposed on Count 1.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court with instructions.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
ANITA LASTER MAYS, A.J., CONCURS IN JUDGMENT ONLY