[Cite as *State v. Stiver*, 2024-Ohio-65.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112540 |
| MICEY STIVER, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** January 11, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669391-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1}  Micey Stiver appeals his final conviction for three counts of rape, including a sexually violent predator specification, pandering obscenity to a minor, kidnapping, and three misdemeanor charges, which resulted in an aggregate term

of imprisonment including a stated minimum term of 35 years and a maximum of 40 years under R.C. 2929.144. For the following reasons, we affirm.

{¶ 2} Stiver does not dwell on the underlying facts of his case. It suffices for the purposes of this appeal that Stiver, approximately 23 years old, had been grooming and sexually abusing his then 12-year-old relative over a four-year period. For unknown reasons, the conduct went unchecked with the family simply trying to separate him from the victim but culminated with Stiver stealing his grandmother's car and kidnapping the victim to further rape and abuse the victim. An Amber Alert was issued upon discovering the victim had gone missing. During that kidnapping, Stiver recorded the physical and emotional abuse inflicted upon the victim.

{¶ 3} At the time of the latest crimes, Stiver was serving a term of community control sanctions imposed in two unrelated cases.

{¶ 4} Ultimately, Stiver agreed to plead guilty to nine charges: three rape offenses under R.C. 2907.02(A)(2) (forcible rape); pandering obscenity involving a minor under R.C. 2907.321(A)(3); kidnapping under R.C. 2905.01(A)(2) with a sexual motivation specification under R.C. 2941.147(A); interference with custody under R.C. 2919.23(A)(1); domestic violence under R.C. 2919.25(A); endangering children under R.C. 2919.22(B)(1); and grand theft under R.C. 2913.02(A)(1). As part of the plea agreement, and as expressly indicated by the trial court during the change-of-plea colloquy, Stiver agreed that none of the offenses would merge for the purposes of sentencing. In exchange for a guilty plea to those separate offenses, the state dismissed the remainder of the charges and noted that the rape counts were

amended to violations of R.C. 2907.02(A)(2) instead of R.C. 2907.02(A)(1)(b) (rape of a child who is less than 13 years of age) as indicted, the latter of which carried the potential for life sentences under R.C. 2971.03. *See, e.g., State v. Baldwin*, 8th Dist. Cuyahoga No. 112440, 2023-Ohio-3795 (defendant sentenced to life with the possibility of parole after 25 years for single instance of rape of a child under the age of 13).

{¶ 5} At the sentencing hearing, the victim was present, but the victim's prepared remarks were read by the prosecutor. Following that statement, Stiver interjected and claimed that the victim was lying about everything. Following the sentencing hearing, the trial court imposed consecutive prison sentences aggregating to a stated minimum term of 35 years. The maximum term, as calculated under R.C. 2929.144 is 40 years. This appeal timely followed. Stiver advances four assignments of error, which will be addressed out of order for the ease of discussion.

{¶ 6} In the second and third assignments of error, Stiver challenges the sentence imposed on the kidnapping count, claiming it should have merged with one or more of the separate rape counts under R.C. 2941.25 and, in the alternative, that the failure to advance the merger argument at sentencing deprived him of the effective assistance of counsel. According to Stiver, citing *State v. Logan*, 60 Ohio St.2d 126, 135, 397 N.E.2d 1345 (1979), "[t]he rape offenses all occurred in a car at the victim's residence. There was no 'asportation' or movement of the victim, let alone such as would have subjected [the victim] to 'a substantial increase in risk of

harm separate and apart from that involved in the underlying [rape].'" There are several problems with Stiver's argument.

**{¶ 7}** In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the Ohio Supreme Court held that the "accused bears the burden of proof to demonstrate plain error on the record * * * and must show 'an error, *i.e.*, a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings.'" *Id.* at ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Even if the error is "obvious," the defendant is required to demonstrate that the error affected the outcome of the proceeding; in other words, a "reasonable probability that the error resulted in prejudice — the same deferential standard for reviewing ineffective assistance of counsel claims." *Id.*, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

**{¶ 8}** Stiver has failed to identify anywhere in the record that established that the kidnapping charge is based on his raping the victim in a parked car in the victim's driveway. He claims in this appeal that there was no asportation or movement of the victim. That claim cannot be accepted without this panel scouring the record to find the information of our own accord, which is not an obligation of an appellate court. *See State v. Brown*, 8th Dist. Cuyahoga No. 112027, 2023-Ohio-2064, ¶ 3, fn. 1. And beyond that, the state's sentencing memorandum indicated that the victim was taken from the victim's home, which was not the place Stiver resided. This resulted in the issuance of an Amber Alert to find the kidnapped victim — if the victim was outside the victim's own residence, one wonders why an

Amber Alert would be necessary. The factual record is minimal, to say the least, and accordingly, Stiver has not met his burden under *Rogers*.

{¶ 9} But beyond all that, Stiver agreed that none of the offenses to which he pleaded guilty merged for the purposes of sentencing as part of his plea deal with the state. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31 (noting that nothing prevents the state and the defendant from agreeing that the offenses are separate for the purposes of R.C. 2941.25 and sentencing); *see also State v. Champion*, 1st Dist. Hamilton Nos. C-210534 and C-210604, 2022-Ohio-3146, ¶ 11; *State v. Tall*, 3d Dist. Union No. 14-22-26, 2023-Ohio-1853, ¶ 17. During the change-of-plea hearing, the trial court indicated that the plea agreement included the stipulation that the counts to which Stiver was pleading guilty would not merge at sentencing. Stiver acknowledged that stipulation and proceeded to plead guilty with the state significantly reducing the severity of the charges and ultimate sentence. He has waived his right to challenge the separate sentences. *State v. T.B.*, 8th Dist. Cuyahoga No. 109949, 2021-Ohio-2104, ¶ 26.

{¶ 10} Because Stiver agreed that the offenses were separate for the purposes of R.C. 2941.25 and because the record contains no evidence supporting Stiver's appellate factual assertions regarding asportation, we are unable to conclude that his trial counsel rendered ineffective assistance by failing to object to the lack of merger at the sentencing hearing. The second and third assignments of error are overruled.

{¶ 11} In the fourth assignment of error, Stiver claims the trial court failed to make the necessary R.C. 2929.14(C)(4) findings before imposing the sentences to be served consecutively. In the alternative, according to Stiver, the findings made by the trial court were "perfunctory and rote" and otherwise not supported by the record.

{¶ 12} Perfunctory and rote adherence to the statutory language is all that is required. The trial court is not required to provide reasons in support of the findings. *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 18. If the appellate court is unable to clearly and convincingly conclude that the record does not support the findings, the consecutive sentences must be affirmed. *Id.* at ¶ 19; R.C. 2953.08(G)(2).

{¶ 13} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of base sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and in pertinent part, (3) two or more of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 14} Stiver concedes, the trial court made those findings:

> The Court imposes prison terms consecutively finding that consecutive service of this prison term is necessary to protect the public from future crime and to punish this defendant. The consecutive sentences are not

disproportionate to the seriousness of the defendant's conduct and to the danger that the defendant poses to the public and that at least two of the multiple offenses were committed in this case as part of one or more courses of conduct and the harm caused by the said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as any of the parts of the courses of conduct adequately reflect the seriousness of this defendant's conduct.

Tr. 51:19-52:10. Any argument to the contrary is overruled.

{¶ 15} Stiver also argues that the findings that consecutive sentences are necessary to protect the public from future crime and are not disproportionate to the seriousness of Stiver's conduct were not supported by the record. According to Stiver, he suffered from serious mental illness and intellectual disabilities and was not taking his medication at the time of the offenses. Stiver further believes that his "maladaptive" behavior is a direct result of his inability to obtain sustained treatment for his mental illness and intellectual disabilities, and recognizing this lack of treatment places his rape and abduction of the 12-year-old victim in a more "humanizing" context. Stiver argues that "humanizing" his conduct demonstrates that the record clearly and convincingly does not support the trial court's finding that consecutive service of the sentences is necessary to protect the public and are not disproportionate to the seriousness of Stiver's misconduct, and the trial court necessarily failed to "sufficiently" consider his mental and intellectual disabilities in making the consecutive-sentence findings.

{¶ 16} Stiver does not disclaim the seriousness of his crimes and the depravity with which they were committed. He did not just rape this young victim; he abused the victim for years culminating in the charges at issue, which included

abducting the victim from the victim's home and recording the rape and abuse he inflicted on the victim. That sexual abuse, kidnapping, and grand theft was committed while Stiver was serving community control sanctions in other, unrelated cases. And, Stiver failed to demonstrate any contrition or remorse when he claimed that the victim was lying about everything after the prosecutor read the victim-impact statement at sentencing.

{¶ 17} Appellate review of consecutive sentences is limited. Under R.C. 2953.08(G)(2), "the appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support the findings." In order to reverse the imposition of consecutive sentences, the defendant must demonstrate that the consecutive sentences are clearly and convincingly not supported by the record. R.C. 2953.08(G)(2). Appellate courts cannot review the weight of individual considerations to determine whether a trial court "sufficiently" considered the facts underlying the findings. *See State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 4452 (8th Dist.); *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 17. The sole question in this appeal is whether it can be clearly and convincingly demonstrated that the record does not support the finding that consecutive sentences are necessary to protect the public from future crime and are not disproportionate his conduct. *Jones* at ¶ 18.

{¶ 18} On this review standard, we are cognizant that the majority and separate concurring opinion in *State v. Hayes*, 8th Dist. Cuyahoga No. 111927, 2023-Ohio-4119, recently applied a de novo standard of review as to the

consecutive-sentence findings, as set forth in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607 ("*Gwynne IV*"). The panel chose to apply the de novo legal standard created by *Gwynne IV* despite the fact that decision has been vacated through reconsideration. *Hayes* at ¶ 19, 69.

{¶ 19} It is beyond dispute that *Gwynne IV* was vacated by the Ohio Supreme Court and is no longer the decision in the case. *State v. Gwynne,* Case No. 2021-1033, October 25, 2023 ("On reconsideration thereof, it is ordered by the court that the motion for reconsideration is granted, the decision of *Gwynne IV*, ___ Ohio St.3d ___, 2022-Ohio-4607, ___N.E.3d ___ is vacated * * *."). Because that decision has been vacated, it is a nullity by all definitions of the word. *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.,* 46 Ohio St.2d 105, 109, 346 N.E.2d 778 (1976), fn. 2.; *State v. Mickens*, 10th Dist. Franklin Nos. 08AP-743 and 08AP-744, 08AP-745, 2009-Ohio-2554, ¶ 49 ("Black's Law Dictionary (7th ed.1999) further defines vacate to mean '[t]o nullify or cancel; make void; invalidate.'"). This court has recognized the basic premise that a vacated decision has no legal authority. *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2022-Ohio-1166, ¶ 4 ("Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, those challenges advanced against the constitutional validity of the Reagan Tokes Law have been overruled, contrary to the conclusions reached in *Sealey*, which *was vacated through this court's majority en banc decision and is no longer the decision in this case*." (Emphasis added.)). Vacating *Gwynne IV* effectively reverted the standard of review to the case authority that

predated the Ohio Supreme Court's departure from the deferential standard of review applied to appellate review of consecutive-sentence findings. *See State v. Scott*, 8th Dist. Cuyahoga No. 109689, 2022-Ohio-1486, ¶ 9 (recognizing the deferential nature of the appellate standard of review for consecutive-sentence findings).

{¶ 20} Because *Gwynne IV* was vacated by the Ohio Supreme Court, the *Hayes* panel's reliance on the de novo standard of review created a conflict with the law of this district in which it has been concluded that the clear and convincing standard of review is extremely deferential to the trial court and does not permit the appellate panel to substitute their judgment for that of the sentencing judge. *Venes*, 2013-Ohio-1891, 992 N.E.2d 4452, at ¶ 20. By applying the de novo standard of review from a vacated decision, *Hayes* deviated from the law of this district. Accordingly, we expressly refuse to follow *Hayes*.

{¶ 21} In light of the limited nature of the standard of review and Stiver's limited discussion of his intellectual and mental disabilities, the extent of which were not discussed in great detail within his appellate briefing, we conclude that Stiver has failed to articulate a basis for this panel to conclude that the record does not clearly and convincingly support the record — especially in light of the seriousness of his sustained sexual abuse, the demonstrated depravity of recording the physical and emotional abuse inflicted upon the then 12-year-old victim, and his repeated criminal behavior. The fourth assignment of error is overruled.

{¶ 22} In the fifth assignment of error, Stiver claims his sentence imposed under the Reagan Tokes Law is unconstitutional. Stiver concedes that his objections were based on the arguments addressed in *Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, and this assignment of error was merely meant to preserve his argument pending the Ohio Supreme Court's decision in the proceedings in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535. In *Hacker*, after the briefs were filed in this appeal, the Ohio Supreme Court held that the Reagan Tokes Law is constitutional. *Id.* at ¶ 41. Stiver's fifth assignment of error is, therefore, overruled.

{¶ 23} And finally, in the first assignment of error, Stiver challenges the phrasing of the final entry of conviction as it relates to the crimes to which he pleaded guilty. The journalized entry indicates that the rape convictions are in violation of R.C. 2907.02(A)(1)(b) (rape of a child under the age of 13) instead of R.C. 2907.02(A)(2) (forcible rape). As conceded by the state, that is a mistake. Although the simple notation of the incorrect statute could be deemed harmless error in light of the fact that the proper sentencing range was applied, the state agrees this should be remanded for the sole purpose of the trial court issuing a nunc pro tunc entry to let the record reflect that which actually occurred. *See, e.g., State v. Harris*, 2020-Ohio-5306, 162 N.E.3d 879, ¶ 112 (11th Dist.). We note, however, that "[s]uch an administrative correction does not necessitate a new sentencing hearing." *State v. Harris*, 10th Dist. Franklin No. 15AP-683, 2016-Ohio-3424, ¶ 56, citing *State v. Rivera*, 10th Dist. Franklin No. 14AP-460, 2015-Ohio-1731, ¶ 6. The sole

purpose of this remand is to reissue the final entry of conviction substituting the correct statutory sections in place of the erroneous citations.

{¶ 24} Accordingly, this matter is remanded to permit the issuance of a nunc pro tunc entry consistent with the foregoing. The convictions are otherwise affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of the journal entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, J., CONCURS;
KATHLEEN ANN KEOUGH, A.J., CONCURS IN JUDGMENT ONLY