[Cite as *State v. Kirby*, 2024-Ohio-1985.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 113161 |
| v. | : | |
| JOVAN L. KIRBY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-672475-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Christine Vacha, Assistant Prosecuting Attorney, *for appellee.*

Robey & Robey and Gregory Scott Robey, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Jovan L. Kirby ("Kirby"), appeals his sentence following a guilty plea to involuntary manslaughter, corrupting another with drugs, and drug trafficking. For the reasons set forth below, we affirm Kirby's sentence.

## I. Facts and Procedural History

{¶ 2} In December 2022, Kirby was charged with the following 13-count indictment: Count 1 — involuntary manslaughter; Counts 2-3 — corrupting another with drugs; Counts 4, 6, 8, 10, and 12 — drug trafficking; Counts 5, 7, 9, 11, and 13 — drug possession.[1] The charges arise from allegations that the victim's death resulted from drugs the victim purchased from Kirby. Pursuant to the plea agreement with plaintiff-appellee, the state of Ohio, Kirby pled guilty to involuntary manslaughter and corrupting another with drugs, as charged, and four counts of drug trafficking.[2] Counts 3-5, 7, 9, 11, and 13 were dismissed.

{¶ 3} The trial court sentenced Kirby as follows:

The court imposes a minimum prison term/aggregate prison term of 14 year(s) and a maximum prison term of 18 year(s) on the underlying offense(s). The total stated prison term is 14 to 18 years at the Lorain Correctional Institution.

* * *

Count 1: SB201 sentence imposed F1, minimum 8 year(s) and a maximum 12 year(s); a mandatory minimum 2 years, up to a maximum of 5 years post release control.

Count 2: F2, 6 year(s) mandatory; a mandatory minimum 18 months, up to a maximum of 3 years post release control.

Counts 6, 10, 12: F1, 6 year(s) mandatory; a mandatory minimum 2 years, up to a maximum of 5 years post release control on each count.

---

[1] Each of Counts 6, 10, and 11 carried a major drug offender specification and two forfeiture specifications. Each of Counts 8, 9, 12, and 13 carried two forfeiture specifications.

[2] Two of the drug trafficking counts (Counts 6 and 10) were amended by the deletion of the major drug offender specification.

Count 8: F3, 36 month(s) mandatory; up to 2 years of PRC at the discretion of the parole board.

Counts 1 and 6 are ordered to be served consecutive to one another. All other counts are ordered to be served concurrently, and case is ordered to be served concurrent to Case 672815, which was sentenced at the same time.

\* \* \*

Fine is a mandatory drug fine.

\* \* \*

[Kirby] is ordered to pay a fine in the sum of $ 10,000.00.

[Kirby] is ordered to pay cash or perform CCWS in lieu of: paying costs, paying fees.

(Journal Entry Aug. 14, 2023.)

{¶ 4} Kirby now raises the following assignments of error for review, which shall be addressed out of order for ease of discussion:

> **Assignment of Error I:** The trial court erred when it imposed an aggregate indefinite prison term of 14-18 years, that is not supported by the record.
>
> **Assignment of Error II:** The trial court erred when it imposed a consecutive sentence that is not supported by the record
>
> **Assignment of Error III:** Trial counsel rendered ineffective assistance in failing to timely file a motion to waive mandatory drug fine and costs, based upon indigency, prior to the sentencing hearing.

## II. Law and Analysis

### A. Standard of Review

{¶ 5} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing

court's findings or (2) the sentence is "otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21.[3]

### 1. Consecutive Sentence

{¶ 6} In the second assignment of error, Kirby argues that the record does not support the imposition of a consecutive sentence in Counts 1 (eight years) and 6 (six years).

{¶ 7} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court also must make at least one of the findings set forth under R.C. 2929.14(C)(4)(a)-(c).

{¶ 8} We note that "[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing" and "incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d

---

[3] We note that in *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851 ("*Gwynne V*"), the Supreme Court of Ohio reconsidered and vacated its decision in *State v. Gwynne*, 173 Ohio St.3d 440, 2022-Ohio-4607 ("*Gwynne IV*"). Therefore, we follow the pre-*Gwynne IV* deferential standard of review applied to appellate review of consecutive-sentence findings. *See State v. Neal*, 8th Dist. Cuyahoga No. 112347, 2023-Ohio-4414, ¶ 7, fn. 1, citing *State v. Scott*, 8th Dist. Cuyahoga No. 109689, 2022-Ohio-1486, ¶ 9 (recognizing the deferential nature of the appellate standard of review for consecutive-sentence findings), citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 4452, ¶ 21 (8th Dist.). We further note that in *State v. Hayes*, 8th Dist. Cuyahoga No. 111927, 2023-Ohio-4119, this court applied the *Gwynne IV* de novo standard of review to consecutive-sentence findings, and in *State v. Stiver*, 8th Dist. Cuyahoga No. 112540, 2024-Ohio-65, ¶ 20, "we expressly refused to follow *Hayes*."

209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. The trial court is not required to recite verbatim the statutory language; however, we must be able to glean from the record that all of the findings required by R.C. 2929.14(C) were made by the trial court. *Id.* at ¶ 36-37.

{¶ 9} Here, Kirby argues that the trial court did not specify what were the "two or more offenses" or the "one or more courses of conduct" as set forth in R.C. 2929.19(C)(4)(b), noting that it was a single course of conduct and the victim's choice to use the drugs that contributed to his death.

{¶ 10} As stated above, for the court to impose a consecutive sentence, the court must make at least one of the findings set forth under R.C. 2929.14(C)(4)(a)-(c). A review of the record in the instant case reveals the court made all the necessary findings. The court noted at the sentencing hearing that the baseline for the sentence was mandatory prison. The court further noted:

> [N]obody disputes that there was over 100 grams of heroin, at least, and that's just when we're talking about heroin and fentanyl. That's not to mention the other drugs, which in your case would have been a mandatory 11 years off the bat. And then coupled with this, involuntary manslaughter.
>
> * * *
>
> The fact that somebody took your drugs and lost their life, this is exactly what law enforcement and the community are trying to abate. Seems like it's nonstop. And, unfortunately, it's people like yourself who are profiting over it, and somebody lost their life.

(Tr. 40-41.)

{¶ 11} The court then found consecutive sentences were necessary to punish the offender and to protect the public from future crime and consecutive sentences

were not disproportionate to Kirby's conduct and the danger he posed to the public. The court indicated that it was giving Kirby less prison time than it initially intended. The court found that Counts 1 and 6 "are definitely two or more offenses fit the bill exactly that were part of one or more courses of conduct, and the harm caused was so great or unusual, that no single prison term would adequately reflect the seriousness of the conduct. * * * Nobody is disputing the amount of drugs and that the MDO was met. So that, in itself, is its own harm. Then on top of it, it resulted in someone else's loss of life, which is its own harm." (Tr. 43.) The court further indicated Kirby had a criminal history, was not amenable to community control sanction, and sentencing him to prison was the only way to stop him.

{¶ 12} Contrary to Kirby's assertion, the record is clear that the trial court did specify what were the "two or more offenses" or the "one or more courses of conduct." The trial court engaged in the proper analysis and made all the consecutive-sentence findings required by R.C. 2929.14(C)(4). Furthermore, the court incorporated its statutory findings into the sentencing entry.

{¶ 13} Therefore, the second assignment of error is overruled.

### 2. R.C. 2929.11 and R.C. 2929.12 Factors

{¶ 14} In the first assignment of error, Kirby also argues that the trial court failed to properly consider the R.C. 2929.11 and 2929.12 sentencing factors and gave unfair weight to the amount of drugs when deciding his sentence, which resulted in unfair "double counting."

{¶ 15} The trial court, however, stated in its sentencing entries that it had "considered all required factors of the law," and Kirby has not affirmatively demonstrated otherwise. We have found that this alone is sufficient to fulfill the trial court's obligations under R.C. 2929.11 and 2929.12. *Neal*, 8th Dist. Cuyahoga No. 112347, 2023-Ohio-4414 at ¶ 12, citing *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14.

{¶ 16} Nevertheless, the record reflects that the trial court reviewed the presentence-investigation report and a victim family impact statement contained in it. The court reviewed the statutes necessary for sentencing and stated that the offenses committed by Kirby were more serious than typically seen. The trial court indicated that Kirby had a criminal history and multiple instances of supervision, outpatient treatment, employment training, and job training. Based on the multiple instances of rehabilitation, the court felt that those efforts were unsuccessful. Kirby's sentence is within the statutory range and thus appropriate.

{¶ 17} Accordingly, the first assignment of error is overruled.

### 3. Ineffective Assistance of Counsel — Fines and Costs

{¶ 18} Lastly, Kirby argues that defense counsel was ineffective for failing to timely file a motion to waive the mandatory drug fine and costs prior to the sentencing hearing because there was evidence that Kirby did not have the ability to pay the $10,000 fine plus costs.

{¶ 19} To establish ineffective assistance of counsel, Kirby must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 20} R.C. 2929.18(B)(1) provides that the fine imposed by the trial court in this case is a mandatory. The court shall not impose the mandatory fine upon the offender "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division[.]" R.C. 2929.18(B)(1); *see also State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 13. The filing of the requisite affidavit does not automatically entitle a defendant to a waiver of a mandatory fine, nor does indigency alone. *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

{¶ 21} Here, the record reveals that Kirby provided financial support for his family, had multiple cars, and worked as a laborer approximately 50 hours a week. While defense counsel did not file an affidavit of indigency prior to the sentencing hearing, counsel did make an oral request at the hearing that the fines be waived due

to indigency.  The court stated that the fine is mandatory.  Based on the foregoing, we find that defense counsel was not deficient.

{¶ 22} Thus, Kirby's third and final assignment of error is overruled.

{¶ 23} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The appellant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR