[Cite as *State v. Brusiter*, 2013-Ohio-1445.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98614

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARIN BRUSITER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549689

**BEFORE:** E.A. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio    44107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary H. McGrath
Saleh S. Awadallah
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1}   Darin Brusiter appeals from the denial of his motion to suppress by the Cuyahoga County Court of Common Pleas.   For the following reasons, we affirm.

{¶2}   Brusiter was indicted on April 29, 2011, and charged with two counts of aggravated murder with murder for hire specifications, kidnapping, insurance fraud and tampering with evidence.   Brusiter pled not guilty to the indictment.

{¶3}   On September 28, 2011, Brusiter filed a motion to suppress all statements made by him to police, asserting that said statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).   The trial court denied the motion to suppress on May 2, 2012.   Following the denial of the motion to suppress, Brusiter, pursuant to a plea agreement with the state, pled guilty to one count of aggravated murder with a three-year firearm specification.   The attached murder for hire specification was deleted along with the one- and six-year firearm specifications. The second count of aggravated murder was nolled.   Brusiter also pled guilty to kidnapping, insurance fraud and tampering with evidence.   The trial court imposed a prison sentence of 30 years to life on the aggravated murder charge to run consecutive to the attached three-year firearm specification.   The court further sentenced Brusiter to prison terms of 10 years for kidnapping,[1] 18 months for insurance fraud and 3 years for

---

[1] The   court   merged   a   three-year   firearm   specification   attached   to   the

tampering with evidence. The sentences for each count were ordered to be served concurrently for a cumulative prison sentence of 33 years to life.

**{¶4}** Brusiter filed a motion for a delayed appeal that this court granted on July 20, 2012. Brusiter's appeal presents the following sole assignment of error:

"The trial court erred in overruling defendant's motion to suppress."

**{¶5}** The state contends that by virtue of his plea of guilty, Brusiter has waived his right to appeal the trial court's denial of his motion to suppress. We agree. "[W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." *State v. Milczewski*, 8th Dist. No. 97138, 2012-Ohio-1743, ¶ 5, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). This includes the denial of a motion to suppress. *State v. Ramsey*, 3d Dist. No. 9-10-55, 2012-Ohio-134, ¶ 15; *State v. Wheeler*, 2d Dist. No. 24112, 2011-Ohio-3423, ¶ 3; *State v. Bump*, 11th Dist. No. 2010-A-0028, 2011-Ohio-6687, ¶ 42-43; *State v. Elliott*, 86 Ohio App.3d 792, 795, 621 N.E.2d 1272 (12th Dist.1993).

**{¶6}** Brusiter concedes that the trial court's plea colloquy complied with Crim.R. 11(C)(2) but, citing Crim.R. 11(C)(3) argues, that because he pled guilty to aggravated murder, the trial court had a further duty to explain to him that by pleading guilty he would be waiving his right to contest pretrial rulings on appeal. Brusiter

kidnapping charge with the three-year firearm specification attached to the

reasons that, as such, the trial court failed to determine that he understood "the consequences of the plea" pursuant to Crim.R. 11(C)(3).

{¶7} We have previously held that where a trial court carries out the mandates of Crim.R. 11(C)(2), no prejudice accrues to the appellant where the court fails to inform him of the effect of his plea on pretrial motions. *State v. Marshall*, 8th Dist. No. 66121, 1994 Ohio App. LEXIS 4953 (Nov. 3, 1994), citing *State v. Kelly*, 8th Dist. No. 57601, 1990 Ohio App. LEXIS 4628 (Oct. 25, 1990). In *Marshall*, we explained that the best method of informing an appellant of his rights is by following Crim.R. 11(C) and held that "[t]he list of rights in Crim.R. 11(C) does not include the right to contest pretrial rulings." *Id.* Our decision in *Marshall* expressly rejected the proposition that a trial court, before accepting a plea of guilty, must inform the accused and determine that he understands not only the effect of a guilty plea, but also the effect of a no contest plea. *Id.*

{¶8} Consistent with our above authority, Ohio courts, when confronted with defendants who have pled guilty to aggravated murder and subsequently sought to appeal pretrial rulings, have found such arguments waived. *See, e.g.*, *Ohio v. Shipp*, 1st Dist. Nos. C-850356, C-850396, B-844056, 1986 Ohio App. LEXIS 6581 (Apr. 30, 1986); *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 77-78. These cases have not recognized a Crim.R. 11(C) duty on the part of the trial court, unique only to defendants pleading guilty to aggravated murder, to explain to the

aggravated murder charge.

defendant the effect of his guilty plea on pretrial motions or the differences between a no contest plea and a guilty plea. In *State v. Hollis*, 8th Dist. No. 59856, 1992 Ohio App. LEXIS 494 (Feb. 6, 1992), this court considered an argument by a defendant who had pled guilty to aggravated murder and then claimed that the trial court failed to comply with Crim.R. 11(C)(3). In assessing the plea colloquy and rejecting that argument, we did not find a separate and unique duty on the part of the trial court in aggravated murder cases to explain the effect of a guilty plea on pretrial motions. *Id.*

{¶9} The transcript of Brusiter's plea hearing reveals that he acknowledged that he understood the rights he was waiving by entering his guilty plea and that he understood the potential sentences that could be imposed if he entered a guilty plea. Consequently, the record on appeal affirmatively demonstrates that appellant entered a voluntary, knowing and intelligent guilty plea as required by Crim.R. 11.

{¶10} We, therefore, overrule Brusiter's sole assignment of error and affirm the judgment and sentence of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR