[Cite as *State v. Brusiter*, 2013-Ohio-3803.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98614**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARIN BRUSITER

DEFENDANT-APPELLANT

### JUDGMENT:
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-549689
Application for Reopening
Motion No. 466045

**RELEASE DATE:**    August 30, 2013


 **FOR APPELLANT**

Darin Brusiter, pro se
Inmate #624-263
Lorain Correctional Institution
2075 S. Avon-Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary H. McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** On June 24, 2013, the applicant, Darin Brusiter, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Brusiter*, 8th Dist. Cuyahoga No. 98614, 2013-Ohio-1445, in which this court affirmed Brusiter's convictions for aggravated murder and kidnapping both with three-year firearm specifications, and insurance fraud and tampering with evidence. Brusiter argues that his appellate counsel was ineffective for not arguing that aggravated murder and kidnapping were allied offenses. On July 16, 2013, the state of Ohio filed its brief in opposition, and Brusiter filed his reply brief on July 29, 2013. For the following reasons, this court denies the application to reopen.

**{¶2}** The record indicates that Brusiter and Samuel Wilson conspired to murder Wilson's wife for insurance money. According to Brusiter's statement, Wilson drove his wife and Brusiter to various places until they stopped, and Brusiter got out of the backseat and shot and killed Wilson's wife. The grand jury indicted Brusiter on two counts of aggravated murder, with one-, three- and six-year firearm specifications, a felony murder specification and a murder for hire specification, one count of kidnapping with the three-year firearm specification, one count of insurance fraud, and one count of tampering with evidence. After prolonged negotiations, Brusiter and the state of Ohio reached a

plea bargain, under which Brusiter would plea to count one, aggravated murder, with the three-year firearm specification and the felony murder specification, kidnapping with the three-year firearm specification, insurance fraud, and tampering with evidence. Brusiter and the state further agreed to a 33-years-to-life sentence, as well as to a stipulation that the murder charge and the kidnapping charge would not merge as allied offenses, but the sentence for kidnapping would be served concurrently with the murder sentence. (Tr. 100, 103 and 109.) The trial court accepted the plea deal as presented.

{¶3} On appeal, counsel argued that the trial court erred in overruling Brusiter's motion to suppress his confession because the state did not timely provide *Miranda* warnings. This court affirmed because Brusiter's guilty plea waived any error relating to the motion to suppress. Now Brusiter argues that his appellate counsel should have argued that the murder charge and the kidnapping charge were allied offenses. However, this argument is meritless, because the parties had stipulated that the murder charge and the kidnapping charge would not merge as allied offenses. Appellate counsel in the exercise of professional judgment properly rejected an argument that had no foundation in the record. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) and *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶4} Accordingly, this court denies the application to reopen.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR