[Cite as *State v. Bruister*, 2023-Ohio-3794.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112410 |
| v. | : | |
| DARIN BRUSITER, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 19, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-11-549689-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Paul Croushore, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Darin Brusiter ("Brusiter") appeals from the trial court's journal entry denying his postsentence motion to withdraw his guilty plea. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I.  Facts and Procedural History

{¶ 2}  In April 2011, Brusiter was charged with two counts of aggravated murder, with murder-for-hire and firearm specifications, kidnapping, insurance fraud, and tampering with evidence in relation to the killing of Asia Harris ("Harris").  Harris's husband Samuel Wilson was also charged in the same indictment.  Brusiter filed a motion to suppress the statements he made to the police as being in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  On May 2, 2012, the court denied Brusiter's motion and that same day he pled guilty to one count each of aggravated murder, kidnapping, insurance fraud, and tampering with evidence.  The state dismissed the second count of aggravated murder and the murder-for-hire specification.  The court sentenced Brusiter to an agreed term of "33 years to life" in prison.

{¶ 3}  Brusiter filed a direct appeal of the trial court's denial of his motion to suppress.  This court affirmed Brusiter's convictions, finding that he waived his right to appeal pretrial rulings when he pled guilty and the trial court complied with Crim.R. 11(C)(2) in accepting this guilty plea.  "We have previously held that where a trial court carries out the mandates of Crim.R. 11(C)(2), no prejudice accrues to the appellant where the court fails to inform him of the effect of his plea on pretrial motions."  *State v. Brusiter*, 8th Dist. Cuyahoga No. 98614, 2013-Ohio-1445, ¶ 7 ("*Brusiter I*").  "Consistent with [case law] authority, Ohio courts, when confronted with defendants who have pled guilty to aggravated murder and subsequently sought to appeal pretrial rulings, have found such arguments waived."  *Id*. at ¶ 8.  In

finding that Brusiter waived his right to challenge the denial of his motion to suppress, this court also concluded that "the record on appeal affirmatively demonstrates that [Brusiter] entered a voluntary, knowing and intelligent guilty plea as required by Crim.R. 11." *Id*. at ¶ 9.

{¶ 4} Brusiter filed an application to reopen *Brusiter I*, pursuant to App.R. 26(B), in which he argued that his appellate counsel was ineffective for failing to argue that his murder and kidnapping convictions should merge as allied offenses. *See State v. Brusiter*, 8th Dist. Cuyahoga No. 98614, 2013-Ohio-3803 ("*Brusiter II*"). This court denied the application to reopen, finding that in *Brusiter I*, his convictions "were affirmed because [his] guilty plea waived any error relating to the motion to suppress," and "the parties had stipulated that the murder charge and the kidnapping charge would not merge as allied offenses." *Id*. at ¶ 3.

{¶ 5} While *Brusiter I* and *Brusiter II* were pending, Brusiter filed a petition to vacate or set aside judgment of conviction or sentence based on a claim of ineffective assistance of counsel in the trial court. In March 2014, the trial court denied this postconviction motion, and Brusiter appealed arguing that "the trial court abused its discretion in denying him an evidentiary hearing on his petition for postconviction relief." This court affirmed the trial court's judgment, finding that the trial court "did not abuse its discretion in denying Brusiter's petition without a hearing because he failed to satisfy his burden to provide sufficient, operative facts outside the record to demonstrate that counsel's performance was deficient." *State v. Brusiter*, 8th Dist. Cuyahoga No. 101908, 2015-Ohio-1549, ¶ 12 ("*Brusiter III*").

This court also found that, because Brusiter "could have raised his claims regarding trial counsel in his direct appeal, * * * his challenges are barred by res judicata." *Id.* at ¶ 14.

{¶ 6} On August 12, 2015, Brusiter filed a pro se motion to withdraw guilty plea due to newly discovered evidence. In this motion, Brusiter argued that he should be entitled to withdraw his plea, based on a breach of his plea agreement, because he received a letter dated May 31, 2015, from the Ohio Attorney General Collections Enforcement Section (the "OAG"). In this letter, the OAG stated that the Ohio Crime Victims Reparations Fund granted a claimant, Brenda Cook, an award of $15,679.07 in relation to the murder of Harris. This letter "demand[s] settlement of this claim * * *." According to Brusiter, this letter breached his plea agreement because his sentencing journal entry reflects that costs and fines were waived and no restitution was ordered.

{¶ 7} On February 26, 2020, Brusiter, who was represented by counsel at this time, filed a second motion to withdraw guilty plea. In this motion, Brusiter argued that there are two reasons he should be allowed to withdraw his guilty plea. "First, there is a manifest injustice due to ineffective assistance of counsel at a critical stage in the proceeding (plea negotiation, plea agreement, and appeal). * * * Second, * * * Brusiter's rights to Due Process and protection from self-incrimination under the Fifth Amendment were violated during the investigation and later in the motion to suppress hearing."

{¶ 8} The trial court summarily denied both motions to withdraw guilty plea on February 8, 2023. It is from this order that Brusiter appeals raising one assignment of error for our review.

    I.    The trial court erred in denying Mr. Brusiter's timely motion to withdraw his guilty plea, and in doing so without hearing the evidence.

{¶ 9} Before reaching the merits of Brusiter's appeal, we note that in Brusiter's appellate brief, he presents arguments concerning only the denial of his February 26, 2020 motion to withdraw guilty plea. Therefore, we will not address his 2015 pro se motion to withdraw guilty plea.

## II. Law

### A. Postsentence Motion to Withdraw Guilty Plea

{¶ 10} Appellate courts review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). *See also State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 7. A trial court abuses its discretion when its decision "'is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.3d 151, 157, 404 N.E.2d 144 (1980). The Ohio Supreme Court recently explained that an abuse of discretion "involves more than a difference in opinion." *State v. Weaver*, Slip Opinion No. 2022-Ohio-4371, ¶ 24. That is, a trial court's judgment that is "profoundly and wholly violative of fact and reason" constitutes an abuse of discretion. *Id.*

{¶ 11} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This court has stated that manifest injustice "comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13.

{¶ 12} "A trial court is not automatically required to hold a hearing on every postsentence motion to withdraw a guilty plea. * * * A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11. We "review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion." *State v. Simmons*, 8th Dist. Cuyahoga No. 109786, 2021-Ohio-1656, ¶ 20.

**B. Res Judicata**

{¶ 13} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. * * * Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. *See also State v. Nicholson*, 8th Dist. Cuyahoga No. 97567, 2012-Ohio-1550,

¶ 11 ("Nicholson could have raised the issue on direct appeal but did not do so. Accordingly, any argument regarding the validity of his plea is now barred by res judicata.").

### III. Analysis

{¶ 14} On appeal, Brusiter argues that "the trial court should have at least held an evidentiary hearing on the questions presented of ineffective assistance of counsel in failing to apply the new standards that ineffectiveness of counsel during a critical stage makes the plea involuntary, unintentional, and unknowing." Brusiter supports this argument by citing to the United States Supreme Court's decision in *Garza v. Idaho*, 586 U.S. 2, 139 S.Ct. 738, 203 L.Ed.2d 77 (2019). Brusiter's argument is based on his assumption that the

> U.S. Supreme Court recently changed the standards of ineffective assistance of counsel set by *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, by adopting it partially and holding that the "prejudice" requirement is presumed if the ineffectiveness of counsel was during a critical stage of the hearing.

However, our reading of *Garza* does not align with Brusiter's assumption.

{¶ 15} Garza did not change the standard for ineffective assistance of counsel. Rather, the *Garza* Court explained the court's previous holding regarding circumstances when a presumption of prejudice arises as articulated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000):

> We hold today that the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether a defendant has signed an appeal waiver. This ruling follows squarely from *Flores-Ortega* and from the fact that even the broadest appeal waiver does not deprive a defendant of all appellate claims. Accordingly where, as here, an attorney performed deficiently in failing to file a notice of appeal despite the

defendant's express instructions, prejudice is presumed "with no further showing from the defendant of the merits of his underlying claims." *See Flores-Ortega*, 528 U.S., at 484, 120 S.Ct. 1029, 145 L.Ed.2d 985.

*Garza* at 749-750.

{¶ 16} The *Garza* opinion applies to cases in which "an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions" to do so and the defendant signed "an appeal waiver." *Id. See also State v. Cognati*, 9th Dist. Summit No. C.A. No. 29905, 2022-Ohio-601, ¶ 145 (applying *Garza* and *Flores-Ortega* in holding that "counsel's failure to follow Mr. Cognati's express instructions to file an appeal would constitute deficient performance, and prejudice would be presumed"). Upon review, we find that *Garza* does not apply to the case at hand, which is Brusiter's fourth appeal. This case is not an example of counsel failing to file an appeal despite Brusiter's express instruction to do so.

{¶ 17} Furthermore, we find that Brusiter's 2020 motion to withdraw his guilty plea, which alleged ineffective assistance of counsel and the improper denial of his motion to suppress, is barred by the doctrine of res judicata. Brusiter filed a direct appeal in which he challenged the trial court's denial of his motion to suppress. This court, in *Brusiter I*, affirmed Brusiter's convictions, finding that he waived his right to challenge the denial of his motion to suppress by pleading guilty. This court also found that Brusiter's guilty plea was voluntary, knowing, and intelligent. *Id.* at ¶ 9. In *Brusiter II*, this court reiterated the holdings in *Brusiter I*.

*Brusiter II* at ¶ 3. Additionally, this court rejected Brusiter's ineffective assistance of counsel claim in *Brusiter III* and found that this claim was barred by the doctrine of res judicata, because it was not raised in Brusiter's direct appeal. *Brusiter III* at ¶ 14.

{¶ 18} The trial court did not abuse its discretion by denying Brusiter's motion to withdraw his guilty plea without holding a hearing. The motion was filed almost nine years after he pled guilty to aggravated murder and other offenses associated with the death of Harris. Brusiter's arguments concerning ineffective assistance of counsel and the suppression of evidence were rejected by this court in his previous appeals. Accordingly, Brusiter's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR