[Cite as *State v. Pearson*, 2024-Ohio-342.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                      :

DEMOND PEARSON,                   :

    Defendant-Appellant.      :

No. 112884

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 1, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-633670-A, CR-22-669202-A, CR-22-669359-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant Demond Pearson ("Pearson") brings the instant appeal challenging the trial court's imposition of consecutive sentences in Cuyahoga C.P. Nos. CR-18-633670-A ("the 2018 case"), CR-22-669202-A ("the first 2022

case"), and CR-22-669359-A ("the second 2022 case"). After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The 2018 case charged Pearson with three counts for events occurring on July 7, 2018, against the victim, D.C. Pearson was charged with felonious assault in violation of R.C. 2903.11(A)(1), kidnapping in violation of R.C. 2905.01(A)(2), and domestic violence in violation of R.C. 2919.25(A). Officers were alerted to the scene by someone who heard D.C. from inside the home. Upon arrival, officers discovered that D.C. was locked inside of the home and had to break down the door to reach her. Upon gaining entry to the home, they discovered D.C. bleeding from the mouth and determined that she required immediate medical attention. During sentencing, D.C. remarked that an entire chunk of her mouth was hanging off of her face and that the doctors were unable to reattach it; she also suffered a broken orbital bone and lost one eye. She is permanently disfigured due to Pearson's actions. D.C.'s impact statement also noted that this incident was "tame" compared to past incidents with Pearson, including pushing her into a lawn mower leaving her with a scar on her face. (Tr. 826.)

{¶ 3} The first 2022 case charged Pearson with two counts for events occurring on March 31, 2022, against the victim, D.M. Pearson was charged with felonious assault in violation of R.C. 2903.11(A)(1) and domestic violence in violation of R.C. 2919.25(A), with a furthermore clause specifying that Pearson had previously pleaded guilty or been convicted of attempted domestic violence and

domestic violence.[1] In this case, police arrived on scene after D.M. posted photos of injuries she presumably received from Pearson to her Instagram account, prompting D.M.'s sister to call the police. When officers arrived, Pearson and D.M. did not let them into the house and the officers had to make entry, and they continued to evade the officers. Officers discovered that D.M. had bite marks on her face and cuts along her knuckles.

{¶ 4} The second 2022 case charged Pearson with nine counts: attempted murder in violation of R.C. 2923.02 with one-, three-, and five-year firearm specifications; felonious assault in violation of R.C. 2903.11(A)(2) with one-, three-, and five-year firearm specifications; discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) with one- and three-year firearm specifications; having weapons while under disability in violation of R.C. 2923.13(A)(2); improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); criminal damaging or endangering in violation of R.C. 2909.06(A)(1); aggravated menacing in violation of R.C. 2903.21(A); having weapons while under disability in violation of R.C. 2923.13(A)(2); and aggravated menacing in violation of R.C. 2903.21(A). The indictment alleged that the events occurred on or between December 19, 2021, and January 13, 2022, and all involved the same victim, S.A. Pearson began harassing and threatening S.A. via social media

---

[1] The indictment specified that the prior domestic violence conviction occurred on or about December 5, 2013, and was adjudicated by the Bedford Municipal Court and the attempted domestic violence conviction occurred on or about March 23, 2015, and was adjudicated by the Cuyahoga County Court of Common Pleas.

after finding out that S.A. was previously romantically involved with Pearson's girlfriend. S.A. was unconvinced that Pearson would act on his threats, until an evening in December 2021. S.A. went out to his driveway and was sitting in his car waiting for the engine to warm when he heard a car approaching. Upon opening his window, he saw Pearson in the driver's seat pointing a gun at him, and Pearson immediately pulled the trigger. S.A. ducked, and the bullet went through the top of the hood of his jacket and out of the passenger window. Pearson continued following and stalking S.A., who claims that the day after he was shot at, he saw Pearson's vehicle circling his home and two weeks after that, recognized Pearson's vehicle behind his in a drive-thru.

{¶ 5} In October 2022, the state moved for joinder of all three indictments, alleging that the indictments were close in time, close in proximity, and demonstrated a pattern of violent conduct towards Pearson's various romantic partners and former associates of his romantic partners. After a hearing, the court denied the motion for joinder. Shortly thereafter, the second 2022 case proceeded to a jury trial.

{¶ 6} The jury only reached a unanimous verdict as to two counts, finding Pearson guilty as to one aggravated menacing charge and not guilty as to the other. The court found Pearson guilty of both counts of having weapons while under disability. The jury was unable to reach a unanimous verdict as to attempted murder and the firearm specifications, felonious assault and the firearm specifications, discharge of a firearm on or near prohibited premises and the firearm specifications,

improperly handling firearms in a motor vehicle, and criminal damaging. The trial court declared a mistrial as to these counts and journalized that "defendant has two other pending cases. Parties shall confer on how to proceed on mistrial counts in this case and two other pending cases."

{¶ 7} In April 2023, Pearson entered into plea agreements on all three cases. In the 2018 case, he pled guilty to two amended counts: attempted abduction and attempted domestic violence. In the first 2022 case, he pled guilty to a single amended count of attempted domestic violence. In the second 2022 case, Pearson entered a plea agreement on the remaining counts, pleading guilty to improperly handling firearms in a motor vehicle, and felonious assault. The remaining counts were nolled.

{¶ 8} About a month later, the court held a combined sentencing hearing. In the 2018 case, the court sentenced him to 18 months on each count to be served consecutively. In the first 2022 case, Pearson was sentenced to 12 months on the single count. In the second 2022 case, Pearson was sentenced pursuant to the Reagan Tokes Law on the felonious assault conviction, receiving 3 years to 4.5 years; 12 months on the improperly handling firearms in a motor vehicle charge; 180 days on the aggravated menacing charge; and 12 months each on the two having weapons while under disability charges. The felonious assault charge was run consecutive to one of the having weapons under disability charge. The court noted in each of the journal entries that Pearson's sentences in each case were to be served consecutive to each other, for a total sentence on all cases and counts of 8 to 9.5 years.

{¶ 9} Pearson timely appealed from the three judgment entries, assigning a single error for our review:

> The trial court erred by imposing consecutive sentences under R.C. 2953.08(G)(2) because the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

## II. Law and Analysis

{¶ 10} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2). That subsection provides, in pertinent part:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 [the section governing consecutive sentences] * * *;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 11} Under R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} If the appellate court is unable to clearly and convincingly find that the record does not support the trial court's findings, the consecutive sentences must be affirmed. *State v. Stiver*, 8th Dist. Cuyahoga No. 112540, 2024-Ohio-65, ¶ 12, citing *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 19; R.C. 2953.08(G)(2). Therefore, on appeal, we review the record to consider whether it does not support the trial court's imposition of consecutive sentences. *State v. Trujillo*, 8th Dist. Cuyahoga No. 112442, 2023-Ohio-4125, ¶ 41, citing *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5.

{¶ 13} Pearson only disputes the trial court's findings as to the R.C. 2929.14(C)(a)-(c) factors.

{¶ 14} During sentencing, the court found that both subsections (b) and (c) were present and warranted consecutive sentences. The court pertinently explained:

> I'm imposing these consecutive sentences because they are necessary to punish you and protect the public from future crime. I have no doubt that if you were allowed to be released into society again that you would perform some sort of act of menacing or worse domestic violence against women because you do feel entitled.

I mean, I do believe that you actually sent this letter trying to speak for her.[2]  Holding people against their will inside their house, violating them by disfiguring them, the consecutive sentences are certainly not disproportionate to the seriousness of your conduct and to the danger that you pose to the public.

The offenses are certainly part of one or more courses of conduct and the harm caused is so great or unusual that no single prison term would adequately reflect the seriousness of the conduct.

For [the 2018 case] I'm making that finding as to those counts too because the harm that you caused to this victim but also the abduction, the fact that the officers — that place was so tightly boarded up that they had to dismantle a door to get to the victim just to get her medical attention for the extreme —

* * *

So then in [the first 2022 case] again that's another separate instance where, you know, later you don't get a discount for this type of offense and physical abuse of women, so that is a separate incident with a separate victim and the pattern of conduct that a consecutive sentence is necessary * * * I mean that is such predatory behavior[3] that you do feel that these women are your property to the point where you can keep them bound in a house, you can assault them physically and if any man tries to interfere with your property, you will do what you did to [S.A].

So it is extremely disturbing, disturbing behavior to the point where it is almost terrifying, and I do believe that these prison sentences are absolutely necessary.

(Tr. 853-855.)

---

[2] During sentencing, the trial court questioned D.C. about a letter it received purportedly authored by D.C., claiming that she did not want to hear from the prosecution and did not want to move forward with any charges against Pearson due to a "private identity issue" and stated that Pearson had not lived in Ohio since June 2018.  (Tr. 825.) D.C. declined that she authored this letter and stated that when she was dating Pearson, he claimed that he was a "sovereign citizen."  (Tr. 825-826.)

[3] The trial court is referencing Pearson's attack on S.A. in the second 2023 case.

{¶ 15} Upon our own review, we cannot say that the record does not clearly and convincingly support the trial court's findings. Pearson's three cases from which this appeals stems demonstrate three separate courses of conduct. The cases involve three different victims; extreme, injury-causing or life-threatening violence; and permanent, lasting effects on the victims. D.C.'s testimony and Pearson's criminal history indicated that these were not isolated incidents and that Pearson had been engaging in violent conduct for many years.

{¶ 16} Pearson's sole assignment of error is overruled.

### III. Conclusion

{¶ 17} Pearson has not demonstrated nor are we able to conclude from our own review that the record does not clearly and convincingly support the trial court's consecutive-sentence findings.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR