[Cite as *State v. Cook*, 2024-Ohio-841.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112742 |
| v. | : | |
| ERIC L. COOK, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674145-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Rachel E. Cohen, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Eric L. Cook ("Cook") appeals his convictions and sentence for drug trafficking and weapons charges. For the reasons that follow, we affirm.

{¶ 2} On September 27, 2022, a grand jury convened and indicted Cook for ten counts, including three counts of trafficking, felonies of the second degree (Counts 1, 3, and 5); three counts of drug possession, felonies of the third degree (Counts 2, 4, and 6); two counts of having weapons while under disability, felonies of the third degree (Counts 7 and 8); one count of receiving stolen property, a felony of the fourth degree (Count 9); and one count of possession of criminal tools, a felony of the fifth degree (Count 10). Counts 1-6, 9, and 10 included one-year firearm specifications.[1] Counts 1,3, and 5 included a juvenile specification claiming the crimes occurred within 100 feet of or in view of a juvenile. The indictment also included the forfeiture of money and a scale seized during arrest.

{¶ 3} The defense filed a motion to suppress challenging the stop that led to his arrest. The trial court denied the motion after a hearing and the case was ultimately set for trial on March 22, 2023. On the date of trial, after discussing the potential penalties and the plea offer, Cook entered into a negotiated plea deal. The state dismissed the associated one-year firearm specifications and Cook pleaded guilty to Count 1 trafficking with the juvenile specification, an amended Count 3, trafficking as a felony of the third degree, with the juvenile specification nolled, and Count 7, having weapons while under disability. The state dismissed the remaining charges. The state acknowledged that Counts 1 and 3 would merge for sentencing and elected to proceed with Count 1.

---

[1] They also included three-year firearm specifications; however, the state moved to dismiss them because they were added in error.

{¶ 4} At sentencing on April 18, 2023, the trial court explained that the sentence for Count 1 consisted of a prison term in annual increments between two and eight years, which would be referred to as the minimum sentence. (Tr. 127.) The court explained the Reagan Tokes Act sentencing requirements and that the sentence may be extended to the maximum term after an administrative hearing. The court also informed Cook that the sentence on Count 1 included mandatory prison time. The defense objected to the imposition of the Reagan Tokes Act sentence. They also notified the court that Cook had completed a financial disclosure form and offered to file it with the court or the clerk of courts if the court was inclined to waive fines. (Tr. 146-147.)

{¶ 5} The court imposed a sentence of four years to six years on Count 1 and 24 months on Count 7 to run consecutively, for an aggregate term of six to eight years. The court also imposed a mandatory fine of $7,500.

{¶ 6} Cook appeals assigning the following errors for our review.

### Assignment of Error No. 1

Appellant's Sixth Amendment rights were violated because counsel did not preserve the trial court's error in denying appellant's motion to suppress in violation of his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution where the trial court did err in denying the motion to suppress.

### Assignment of Error No. 2

Appellant's sentence is contrary to law because the record does not support the imposition of consecutive sentences and the indefinite term was not properly imposed.

## Assignment of Error No. 3

The trial court erred by imposing a fine where the record establishes that appellant was indigent and the court had discretion to waive it.

## Law and Analysis

## Ineffective Assistance of Counsel

{¶ 7} In the first assignment of error, Cook argues that he received ineffective assistance of counsel where his trial counsel allowed him to plead guilty effectively waiving any challenge to the denial of his motion to suppress.

{¶ 8} In order to establish a claim of ineffective assistance of counsel, a party must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, "'the failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel.'" *State v. Harris*, 8th Dist. Cuyahoga No. 109060, 2021-Ohio-856, ¶ 21, citing *In re S.A.*, 8th Dist. Cuyahoga No. 107707, 2019-Ohio-4782, at ¶ 46, quoting *State v. Davenport*, 8th Dist. Cuyahoga No. 106143, 2018-Ohio-2933, ¶ 25, citing *Strickland* at 697.

{¶ 9} However, a claim of ineffective assistance of counsel is waived by a guilty plea, unless the alleged ineffectiveness caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Brusiter,* 8th Dist. Cuyahoga No. 98614, 2013-Ohio-1445, ¶ 5. A guilty plea entered pursuant to a plea bargain,

"'waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea.'" *Id.*, quoting *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). Furthermore, by entering a guilty plea, Cook waived the right to argue the substance of the motion to suppress. *State v. Smith*, 8th Dist. Cuyahoga No. 83710, 2004-Ohio-4911, ¶ 2. Cook may only challenge the voluntariness of his plea. *Id.* A defendant must establish that "there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial" in order to prevail in this situation. *Brusiter* at ¶ 5, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 10} Cook cannot demonstrate that his counsel was deficient. The record is silent regarding Cook's intent to appeal the motion to suppress ruling. Cook argues that he would have prevailed on appeal if trial counsel had advised him to plead no contest rather than guilty; accordingly, the decision to plead guilty was not strategic. Preliminarily, as we have noted, the merits of the motion to suppress are not before this court. Furthermore, a review of the record establishes that after the court denied the motion, Cook's trial counsel subsequently negotiated a plea deal that led to the dismissal of seven of the counts against him. Absent evidence that Cook was improperly advised in the record to enter a guilty plea, this court is required to view a trial counsel's strategic decisions with great deference. *Smith* at

¶ 5. Accordingly, we cannot find that trial counsel erred by negotiating a plea deal that included a plea of guilty. The trial court conducted a complete Crim.R. 11 colloquy with Cook and ascertained that he was entering his plea knowingly, intelligently, and voluntarily. Cook has not pointed to any evidence in the record that shows he received improper advice from his counsel. Given the foregoing, Cook has not established that his trial counsel's performance was deficient.

{¶ 11} Having failed to establish one prong of the test, Cook has failed to establish he received ineffective assistance of counsel.

{¶ 12} Accordingly, the first assignment of error is overruled.

**Sentencing Challenges**

{¶ 13} In the second assignment of error, Cook challenges his sentence, arguing that the record did not support the imposition of consecutive sentences and that the indefinite term was not properly imposed.

{¶ 14} With respect to consecutive sentences, Cook argues that the trial court's findings were not supported by sufficient evidence. Preliminarily, Cook relies heavily on *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607 ("*Gwynne IV*")[2] to support his argument that we must review the trial court's consecutive sentencing decision de novo to determine whether the record clearly and convincingly does not support the imposition of consecutive sentences. However, in a decision filed shortly after Cook filed his appellate brief, a slim majority of the

_____

[2] Cook refers to the case as *Gwynne II* in his brief; however, the Supreme Court styles the case *Gwynne IV*. *See State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 2. We follow the Supreme Court for ease of identification.

Ohio Supreme Court explicitly vacated the decision in *Gwynne IV*. *State v. Gwynne,* Slip Opinion No. 2023-Ohio-3851, ¶ 5 ("*Gwynne V*").

{¶ 15} Nevertheless, *Gwynne V* was a plurality decision, i.e., a decision that was not supported by a clear majority of the court. Accordingly, a number of panels in this district have applied the law as it existed prior to *Gwynne V*. *See State v. Stiver*, 8th Dist. Cuyahoga No. 112540, 2024-Ohio-65; *State v. Elkins*, 8th Dist. Cuyahoga No. 112582, 2024-Ohio-68; *State v. Neal*, 8th Dist. Cuyahoga No. 112347, 2023-Ohio-4414. Accordingly, we will do the same.

{¶ 16} Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which provides in relevant part:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 [consecutive sentences].
>
> * * *
>
> (b) That the sentence is otherwise contrary to law.

{¶ 17} A trial court may impose consecutive sentences on an offender convicted of multiple offenses, if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). In addition, the court must make one of the following findings:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} A consecutive sentence must be affirmed if the court of appeals is "unable to clearly and convincingly find that the record does not support the trial court's findings." *State v. Pearson*, 8th Dist. Cuyahoga No. 112884, 2024-Ohio-342, ¶ 12. Accordingly, we will review the record to determine whether it does not support the imposition of consecutive sentences.

{¶ 19} Cook argues that he showed remorse and an intention to pursue rehabilitation while incarcerated. He also alleges that he was overcharged due to the combination of drugs in some counts. These factors, he alleges, warranted a lesser sentence. Nevertheless, Cook pleaded guilty as charged and never challenged the indictment.

{¶ 20} The state informed the trial court that Cook had a significant criminal history dating back to 1998 up to 2018. Most of his 15-17 convictions were drug possession and trafficking cases. Cook was serving a term of postrelease control after a 2017 trafficking conviction at the time of the offenses in this case.

{¶ 21} In imposing consecutive sentences, the court found that it was necessary to protect the public and punish the offender. The court also found that consecutive sentences were not disproportionate to Cook's conduct and that his criminal history showed that consecutive sentences were necessary to protect the public.

{¶ 22} Based on the forgoing, we must affirm the imposition of consecutive sentences. The trial court's findings were not clearly and convincingly unsupported by the record.

{¶ 23} Cook also argues that the trial court failed to inform Cook appropriately of his sentence, specifically the court did not advise him of the minimum and maximum terms. However, Cook has not cited to a statute or case law to pinpoint exactly how the trial court's recitation was lacking. After imposing the sentence, the trial court noted:

> That is a total term of on the felony of the second degree four years minimum term, plus two years extended term. Max term of six years. Twenty-four months on the felony of the third degree consecutive for a total of an eight-year sentence.

{¶ 24} At the beginning of the sentencing hearing, however, the trial court went into a detailed discussion of the imposition of the sentence under the Reagan Tokes Act. After explaining how the minimum and maximum terms are determined the court noted:

> [T]here is a rebuttable presumption of release at the end of the minimum term by the Department of Corrections. The Department of Corrections is authorized to continue the incarceration to the end of the maximum term, which is the minimum term plus the extended term, if

the presumption is rebutted at an administrative hearing. In other words, they have to get permission to impose the extended sentence. They cannot just do it on their own.

The Department of Corrections sets rules and criteria for it to rebut the presumption of release as to a specific determination as to the defendant's conduct. They have to show where you fail to live up to their expectations. At the end of the maximum term, the defendant must be released.

{¶ 25} Although Cook does not mention a statute, the advisements above comport with R.C. 2929.19(B)(2)(c) regarding the minimum and maximum terms of an indefinite sentence under the code. Given the foregoing, we overrule Cook's second assignment of error.

**Imposition of a Mandatory Fine**

{¶ 26} Finally, in the third assignment of error, Cook argues the trial court erred when it imposed a mandatory $7,500 fine when he was indigent. Cook argues that a financial disclosure form was filed; however, the record reflects that the defense represented a form was completed, and trial counsel offered to file it. The form is not shown on the trial court's docket.

{¶ 27} Moreover, "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." R.C. 2929.18(B). These prerequisites are jurisdictional and required before a trial court may waive a mandatory fine. *State v. Navarro*, 8th Dist. Cuyahoga No. 107204, 2019-Ohio-989, ¶ 4; *see also State v.*

*Gray*, 8th Dist. Cuyahoga No. 104140, 2016-Ohio-8320, ¶ 10, citing *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14; *State v. Gipson*, 80 Ohio St.3d 626, 687 N.E.2d 750 (1998); *State v. Eader*, 9th Dist. Summit No. 26762, 2013-Ohio-3709, ¶ 28.

**{¶ 28}** In the instant case, Cook did not file an affidavit of indigency nor a financial disclosure form. Accordingly, the trial court had no authority to waive the mandatory fine. The third assignment of error is overruled.

**{¶ 29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR